USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/21/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAVON JOHNSON,

                Plaintiff,

      -against-

KENNETH REECE,

                Defendant.

22-CV-09601 (MMG) (OTW)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

MARGARET M. GARNETT, United States District Judge:

This inquest into damages was referred to Magistrate Judge Wang for a Report and Recommendation. *See* Dkt. No. 23. In the Report and Recommendation filed on April 10, 2024, Magistrate Judge Wang recommended that Plaintiff be awarded $185,000 in compensatory damages, $21,667.80 in pre-judgment interest, and post-judgment interest in accordance with state and federal law from July 20, 2023, until the date the judgment is paid. *See* Dkt. No. 30.

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that there is no clear error on the face of the record. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). This clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. *See, e.g.*, *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

In the present case, the Report and Recommendation advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in the waiver of any right to object. *See* Dkt. No. 30 at 11. In addition, the Report and Recommendation expressly called Defendant's attention to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1).

On May 9, 2024, Plaintiff filed proof of service of the Report and Recommendation upon Defendant to his last known address, pursuant to Rule 5(b)(2)(C) of the Federal Rules of Civil Procedure. That proof shows service was effectuated on May 2, 2024.[1] Dkt. No. 32. Accordingly, Defendant had until May 16, 2024, to file any objections to the Report and

---

[1] Under Rule 5(a)(2), no service is required on a party who is in default for failing to appear, however, the Court directed service of the Report and Recommendation on April 30, 2024. *See* Dkt. No. 31.

Recommendation.  Nevertheless, as of the date of this Order, no objections have been filed and no request for an extension of time to object has been made.  Accordingly, Defendant has waived the right to object to the Report and Recommendation or to obtain appellate review.  *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Caidor v. Onondaga Cnty.*, 517 F.3d 601 (2d Cir. 2008).

Despite the waiver, the Court has carefully reviewed the petition and the Report and Recommendation, unguided by objections, and finds the Report and Recommendation to be well reasoned and grounded in fact and law.  Accordingly, the Report and Recommendation is ADOPTED in its entirety.

The Clerk of Court is directed to close this case.

Dated: May 21, 2024
New York, New York

SO ORDERED.

_____
MARGARET M. GARNETT
United States District Judge